UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br><br>BOBBY JO KISSEL,<br><br>        Defendant. | Case No. 3:18-cr-00066-HDM-WGC<br><br>ORDER FOR SENTENCE REDUCTION PURSUANT TO<br>18 U.S.C. § 3582(c)(1)(A) |

Defendant Bobby Jo Kissel has filed two motions for sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 115 & 119). Kissel seeks an 18-month term of supervised release with home detention in lieu of her prison sentence. Probation does not oppose, and the government takes no position on, Kissel's request. (ECF Nos. 117 & 120).

On August 8, 2018, Kissel's co-defendant, James Jimmy Evans, Sr., was charged by way of indictment with several drug trafficking crimes in violation of 21 U.S.C. § 841, as well as other crimes. (ECF No. 1). Kissel was named alongside Evans in Count Three of the indictment, which charged possession with intent to distribute a mixture or substance containing 50 grams or more of methamphetamine. (*Id.*) Ultimately, Kissel entered a plea of guilty to the sole count of a superseding information that charged her with misprision of a felony in violation of 18 U.S.C. § 4.

1

On March 4, 2020, the court sentenced Kissel to 18 months in prison, to be followed by a one-year term of supervised release. (ECF No. 94). Kissel was ordered to self-surrender on June 2, 2020, to begin her prison term. The court has since extended this date four times in light of the COVID-19 epidemic, Kissels' underlying health conditions, and the lack of opposition by either the government or Probation. Kissel's current date to self-surrender is January 8, 2021.

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Kissel is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

>   term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>   (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>   . . .
>
>   (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Kissel seeks a modification to her sentence pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and her underlying health conditions, which put her at greater risk of severe COVID-19 complications should she contract the virus. Her conditions

3

also require ongoing medical treatment. The government takes no position on Kissel's request.[2]

Kissel has a history and current diagnosis of severe persistent asthma, which is currently being treated by monthly injections, as well as a recent diagnosis of menorrhagia, which will likely require further significant treatment. Kissel's condition of severe persistent asthma puts her at great risk of a severe COVID-19 outcome should she contract the virus. The court finds that Kissel's high risk of severe COVID-19 outcomes, coupled with the significant medical treatment she is currently undergoing and will require, constitute extraordinary and compelling reasons justifying a sentence modification in this case.

The court further finds that Kissel is not a danger to the community and that a reduction in sentence to include home detention is supported by the applicable 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In accordance with the foregoing, IT IS THEREFORE ORDERED that Kissel's unopposed motions for a sentence modification

---

[2] Although § 3582(c)(1)(A) requires a defendant to first exhaust his or her request before filing a motion with the court, the government has not asserted a lack of exhaustion in this case.

4

pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 115 & 119) are hereby GRANTED.

IT IS FURTHER ORDERED that the judgment shall be modified to a sentence of time served, followed by a special term of supervised release for a period of six months, in lieu of the current prison sentence, pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A). The originally imposed twelve months of supervised release will commence upon expiration of the six-month special term of supervised release.

All conditions of the original term of supervised release will remain the same. The conditions of the special term of supervised release will include all those applicable to the original term, in addition to the following terms:

1. Home Confinement with Location Monitoring – You will be monitored by the form of location monitoring technology at the discretion of the probation officer for a period of six months, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program based on your ability to pay.

This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

/

IT IS FURTHER ORDERED that an amended judgment will be entered forthwith.

IT IS SO ORDERED.

DATED: This 5th day of January, 2021.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE