# UNITED STATES DISTRICT COURT

## District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| BOBBY JO KISSEL | Case Number:  3:18-cr-00066-HDM-WGC-2 |
| | USM Number:  54990-048 |
| **Date of Original Judgment:**  3/5/2020 | Janice Anne Hubbard, CJA |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  Count One of single count Superseding Information filed 9/11/2019

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 4 | Misprision of a Felony | 7/23/2018 | One |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/5/2021
Date of Imposition of Judgment

Signature of Judge

HOWARD D. McKIBBEN, Senior U.S. District Judge
Name and Title of Judge

January 5, 2021
Date

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case
      Sheet 2 – Imprisonment                                             (NOTE: Identify Changes with Asterisks (*))

                                                                            Judgment – Page   2   of   7  

DEFENDANT:        BOBBY JO KISSEL
CASE NUMBER:     3:18-cr-00066-HDM-WGC-2

## IMPRISONMENT

      The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **(*)TIME SERVED**.

    (*)     The court makes the following recommendations to the Bureau of Prisons:

   __     The defendant is remanded to the custody of the United States Marshal.

   __     The defendant shall surrender to the United States Marshal for this district:

   __   at  _____ __ a.m.   __ p.m. on

   __  as notified by the United States Marshal.

    (*)     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   __  as notified by the United States Marshal.

   __  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to

a _____, with a certified copy of this judgment.

                                         _____
                                               UNITED STATES MARSHAL

                                         _____
                                         DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/19) Amended Judgment in a Criminal Case
    Sheet 3 - Supervised Release

                                                                    (NOTE: Identify Changes with Asterisks (*))

                                                                          Judgment - Page   3   of   7  

DEFENDANT:         BOBBY JO KISSEL
CASE NUMBER:     3:18-cr-00066-HDM-WGC-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **One (1) year**.

**(\*) Pursuant to the Order for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) entered 1/5/2021, the defendant's previously imposed sentence of imprisonment is reduced to TIME SERVED, followed by a special term of supervised release for a period of six months, in lieu of the current prison sentence, pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).   The originally imposed twelve months of supervised release will commence upon expiration of the six-month special term of supervised release.**

**(\*) All conditions of the original term of supervised release will remain the same.   The conditions of the special term of supervised release will include all of those applicable to the original term, in addition to the special condition of Home Confinement with Location Monitoring as set forth on page 5 of this Amended Judgment.**

## MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance.   You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
         __ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.   *(check if applicable)*
4.      __ You must make restitution in accordance with 18 U.S.C. " 3663 and 3663A or any other statute authorizing a sentence of restitution.   *(check if applicable)*
5.      **X** You must cooperate in the collection of DNA as directed by the probation officer.   *(check if applicable)*
6.      __ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, or are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.      __ You must participate in an approved program for domestic violence.   *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 09/19) Amended Judgment in a Criminal Case
    Sheet 3A - Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment - Page   4   of   7

DEFENDANT:      BOBBY JO KISSEL
CASE NUMBER:    3:18-cr-00066-HDM-WGC-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.      You must answer truthfully the questions asked by your probation officer.
5.      You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.      You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you  must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.      You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.      If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchukus or tasers).
11.    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.   The probation officer may contact the person and confirm that you have notified the person about the risk.
13.    You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office User Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.   For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's signature   _____      Date  _____

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case
     Sheet 3D - Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment - Page   5   of   7  

DEFENDANT:     BOBBY JO KISSEL
CASE NUMBER:   3:18-cr-00066-HDM-WGC-2

## SPECIAL CONDITIONS OF SUPERVISION

1.     <u>Substance Abuse Treatment</u> - You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to contribute to the costs of the program based on your ability to pay.

2.     <u>Mental Health Treatment</u> - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to contribute to the costs of the program, based upon your ability to pay.

3.     <u>No Alcohol</u> - You must not use or possess alcohol.

4.     <u>Search and Seizure</u>- You shall submit to the search of your person, property, residence, or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release, based upon reasonable suspicion of evidence of a crime or contraband or a violation of supervision.

(*)5.     <u>Home Confinement with Location Monitoring</u> – You will be monitored by the form of location monitoring technology at the discretion of the probation officer for a period of six (6) months, and you must follow the rules and regulations of the location monitoring program.   You must pay the costs of the program based upon your ability to pay.

     This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

     You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (**Home Detention**).

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case
          Sheet 5 - Criminal Monetary Penalties                                                   (NOTE: Identify Changes with Asterisks (*))

                                                                                            Judgment - Page ___6___ of ___7___

DEFENDANT:        BOBBY JO KISSEL
CASE NUMBER:      3:18-cr-00066-HDM-WGC-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $100.00 | | | | |

**Due and payable immediately.**

___  The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

___  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.   However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Clerk, U.S. District Court**<br>**Attn: Financial Officer**<br>**Case No. 3:18-cr-00066-HDM-WGC-2**<br>**333 Las Vegas Boulevard, South**<br>**Las Vegas, NV 89101** | | | |
| **TOTALS** | $ _____ | $ _____ | |

___  Restitution amount ordered pursuant to plea agreement $ _____

___  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).   All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to  18 U.S.C. § 3612(g).

___  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       ___ the interest requirement is waived for the ___ fine    ___ restitution.

       ___ the interest requirement for the ___ fine   ___ restitution is modified as follows:

*    Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
**   Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/19) Amended Judgment in a Criminal Case
      Sheet 6- Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment – Page _____7_____ of _____7_____

| | |
|---|---|
| DEFENDANT: | BOBBY JO KISSEL |
| CASE NUMBER: | 3:18-cr-00066-HDM-WGC-2 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    **X**  Lump sum payment of $100.00 due and payable immediately, balance due

        __ not later than _____, or
        __ in accordance with               __ C, __ D, __ E, or      __ F below; or

B    __ Payment to begin immediately (may be combined with      __ C, __ D, or      __ F below); or

C    __ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments
        of $ _____ over a period of _____ *(e.g., months or years)*, to
        commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D    __ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments
        of $ _____ over a period of _____ *(e.g., months or years)*, to
        commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of
        supervision; or

E    __ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60*
        *days)* after release from imprisonment.   The court will set the payment plan based on an assessment of the
        defendant's ability to pay at that time; or

F    __ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__    Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

__    The defendant shall pay the cost of prosecution.

__    The defendant shall pay the following court cost(s):

**X**    The defendant shall forfeit the defendant's interest in the following property to the United States:
        **See attached Forfeiture.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
4  Nevada State Bar No. 1925
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  Daniel.Hollingsworth@usdoj.gov
   *Attorneys for the United States*
7

```
_____
|___FILED              ___RECEIVED |
|___ENTERED            ___SERVED ON |
|        COUNSEL/PARTIES OF RECORD  |
|                                   |
|          SEP 1 1 2019             |
|                                   |
|      CLERK US DISTRICT COURT      |
|        DISTRICT OF NEVADA         |
|BY:                        DEPUTY  |
|_____|
```

8

9

10          **UNITED STATES DISTRICT COURT**
                 **DISTRICT OF NEVADA**
11

12  UNITED STATES OF AMERICA,        )   3:18-CR-066-HDM-WGC
                                     )      *and ORDER*
13              Plaintiff,           )   **Stipulation for Entry of Order of**
                                     )   **Forfeiture as to Bobby Jo Kissel and**
14          v.                       )   **Order**
                                     )
15  JAMES "JIMMY" EVANS, Sr., and    )
    BOBBY JO KISSEL,                 )
16                                   )
                                     )
17              Defendants.          )
    _____

18          The United States of America and Bobby Jo Kissel, and her counsel, Janice

19  Hubbard, agree as follows:

20          1.      The Grand Jury sitting in Las Vegas, Nevada returned a Ten-Count

21  Indictment against James "Jimmy" Evans, Sr., and Bobby Jo Kissel for violations of 21

22  U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1), 922(j), and 924(c)(1)(A). Indictment, ECF

23  No. 1.

24          2.      Bobby Jo Kissel knowingly and voluntarily agrees to the abandonment, the

25  civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the

26  following property:

27              1.  $8,180 in United States currency;

28              2.  $870 in United States currency;

                                    1

3.   a Smith & Wesson model 3906 semi-automatic 9 millimeter handgun

    bearing serial number TDL0848;

4.   a black assault rifle with no serial number found in the garage at 900

    Capitol Hill Avenue, Reno, Nevada, on July 23, 2018;

5.   a Beretta model 21-A .22 caliber pistol bearing serial number

    DAA020899;

6.   a Smith & Wesson .357 revolver bearing serial number 67K0919; and

7.   any and all ammunition

(all of which constitutes property).

3.     Bobby Jo Kissel admits the property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 841(a)(1); (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 841(a)(1); (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1); (5) any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. §§ 922(g)(1), 922(j), and 924(c)(1)(A), or any violation of any other criminal law of the United States, 21 U.S.C. § 841(a)(1); (6) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1); and (7) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property in violations of 21 U.S.C. § 841(a)(1), and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); 21 U.S.C. § 881(a)(6) with 28 U.S.C.

§ 2461(c); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and

(3)(B) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c).

4.    Bobby Jo Kissel knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5.    Bobby Jo Kissel knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

6.    Bobby Jo Kissel knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

7.    Bobby Jo Kissel knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8.    Bobby Jo Kissel knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorneys regarding the forfeiture and disposition of the property.

9.    Bobby Jo Kissel knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings.

10.    Bobby Jo Kissel knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

11.    Bobby Jo Kissel knowingly and voluntarily agrees to waive her right to a trial or hearing on the forfeiture of the property.

12.    Bobby Jo Kissel knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments

1  Clauses of the Eighth Amendment to the United States Constitution in any proceedings

2  concerning the property.

3       13.    Bobby Jo Kissel knowingly and voluntarily agrees to the entry of an Order of

4  Forfeiture of the property to the United States.

5       14.    Bobby Jo Kissel agrees the property is forfeited to the United States.

6       15.    Bobby Jo Kissel understands that the forfeiture of the property shall not be

7  treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other

8  penalty that may be imposed in addition to forfeiture.

9       16.    Bobby Jo Kissel knowingly and voluntarily agrees to the conditions set forth

10  in this Stipulation for Entry of Order of Forfeiture as to Bobby Jo Kissel and Order

11  (Stipulation).

12       17.    Bobby Jo Kissel knowingly and voluntarily agrees to hold harmless the

13  United States, the United States Department of Justice, the United States Attorney's Office

14  for the District of Nevada, the United States Drug Enforcement Administration, their

15  agencies, their agents, and their employees from any claim made by her or any third party

16  arising from the facts and circumstances of this case.

17       18.    Bobby Jo Kissel knowingly and voluntarily releases and forever discharges the

18  United States, the United States Department of Justice, the United States Attorney's Office

19  for the District of Nevada, the United States Drug Enforcement Administration, their

20  agencies, their agents, and their employees from any and all claims, rights, or causes of

21  action of any kind that Bobby Jo Kissel now has or may hereafter have on account of, or in

22  any way growing out of, the seizures and the forfeitures of the property in the abandonment,

23  the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

24       19.    Each party acknowledges and warrants that its execution of the Stipulation is

25  free and is voluntary.

26       20.    The Stipulation contains the entire agreement between the parties.

27       21.    Except as expressly stated in the Stipulation, no party, officer, agent,

28  employee, representative, or attorney has made any statement or representation to any other

1  party, person, or entity regarding any fact relied upon in entering into the Stipulation, and

2  no party, officer, agent, employee, representative, or attorney relies on such statement or

3  representation in executing the Stipulation.

4      22.    The persons signing the Stipulation warrant and represent that they have full

5  authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf

6  they are signing, to the terms of the Stipulation.

7      23.    This Stipulation shall be construed and interpreted according to federal

8  forfeiture law and federal common law.  The jurisdiction and the venue for any dispute

9  related to, and/or arising from, this Stipulation is the unofficial Northern Division of the

10  United States District Court for the District of Nevada, located in Reno, Nevada.

11     24.    Each party shall bear her or its own attorneys' fees, expenses, interest, and

12  costs.

13     25.    This Stipulation shall not be construed more strictly against one party than

14  against the other merely by virtue of the fact that it may have been prepared primarily by

15  counsel for one of the parties; it being recognized that both parties have contributed

16  substantially and materially to the preparation of this Stipulation.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1       IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2   reasonable cause for the seizure and forfeiture of the property.

3   DATED: ___9/11/2019___                DATED: ___9/11/19___

4   Law Office of Janice Hubbard          NICHOLAS A. TRUTANICH
                                          United States Attorney
5

6

7   JANICE HUBBARD, ESQ.                  DANIEL D. HOLLINGSWORTH
    Counsel for Bobby Jo Kissel          Assistant United States Attorney
8
    DATED: ___9·11-19___
9

10

11  BOBBY JO KISSEL

12

13

14                                        IT IS SO ORDERED:

15

16

17                                        UNITED STATES DISTRICT JUDGE

18                                        DATED: ___September 18, 2019___

19

20

21

22

23

24

25

26

27

28

                                6